815 F.2d 703
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill GREEN, Diana Marlowe, Paul J. Osborne, Linda Sams, and
Mike Teague, Plaintiffs-Appellants
v.
Paul WHITE, Defendant-Appellee.
 No. 86-5465.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1987.
 
 Before KENNEDY, JONES, AND NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 In plaintiffs' first appeal, Green, et al. v. White, No. 84-5203 (6th Cir. May 29, 1985) (per curiam ), they appealed the district court's judgment for defendant, the Sheriff of Unicoi County, Tennessee, which dismissed their suit predicated upon 42 U.S.C. Sec. 1983 and alleging first and fourteenth amendment violations. Plaintiffs contended that their constitutional rights had been violated when, for purely political reasons, they were discharged from their positions of public employment as clerks and deputies.
 
 
 2
 We reversed, and remanded the cause with instructions that the district court consider these dismissals in light of Branti v. Finkel, 445 U.S. 507 (1980), and Elrod v. Burns, 427 U.S. 347 (1976), having concluded that the district court had broadly construed Elrod, and failed to mention Branti. The narrow issue for review is whether the district court complied with our mandate.
 
 
 3
 In this appeal, plaintiffs contend that the district court erroneously accepted attempts by defendant to justify the dismissals on nonpolitical grounds unearthed after the filing of this lawsuit. Plaintiffs insist that by signing their separation notices with the explanations of "not retained due to political change" or "political change," defendant betrayed the true motive for his decision to terminate them. They charge that the trial court's findings of fact, as a consequence, are clearly erroneous. We disagree.
 
 
 4
 It was plaintiffs' burden to demonstrate that they were dismissed for the sole reason that they were not affiliated with the in-coming sheriff's candidacy. Branti, 445 U.S. at 517; Elrod, 427 U.S. at 350. The findings of fact of the district court are binding on appeal unless this court is left with a definite and firm conviction that a mistake has been made. Sawyer v. Arum, 690 F.2d 590, 591-592 (6th Cir.1982). Our task, when reviewing factual determinations of a district court sitting without the intervention of jury, is not to reweigh the evidence de novo, or to redetermine the credibility of witnesses. Fed.R.Civ.P. 52(a); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 123 (1969). If there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous. Anderson v. City of Bessemer City, North Carolina, 470 U.S. 564, 573-576 (1985).
 
 
 5
 When the record in this case is examined in its entirety, and this deferential standard of review is applied to the district court's findings, it is apparent that reversal is not warranted. The district court determined that plaintiffs' political affiliation with Roby Osborne, the incumbent sheriff who was defeated in the Republican primary by defendant, was not a "substantial" or "motivating" factor in the decision not to hire them. Noting that it was the plaintiffs' low performance in their duties which warranted their terminations, the court concluded that defendant would have reached the same decision in regard to each of the plaintiffs' reemployment, even in the absence of their support of Osborne. The evidence is supportive of the trial court's conclusion. Testimony elicited at trial indicated that defendant was persuaded by a member of public officials from Unicoi and Erwin Counties who recommended that he not retain any of the plaintiffs, for various work-related reasons. These officials had direct contact with the plaintiffs on a regular basis and were fully aware of their qualifications and work habits. It was recommended that certain individuals who had worked for the former sheriff be kept on, and defendant ultimately decided to retain about one-half of Osborne's employees. Crediting this testimony, the district court determined that, although a political situation existed, defendant was not motivated by political animus in failing to retain the plaintiffs.
 
 
 6
 Further, the evidence of the parties' conduct after defendant's success in the election is consonant with the conclusion reached by the district judge.
 
 
 7
 Defendant caused an article to be placed in the local newspaper advising the public of the availability of possible employment with the new sheriff. The article stated that all applications were to be made at the employment office at the county courthouse, and that no one would be considered for employment unless he applied. Applications were distributed to current employees of the sheriff's department and all of the plaintiffs applied, with the exception of Paul Osborne. The district court found that the defendant made selections on the strength of the applications filed, and based upon the advice he had received from trusted associates, including the county executive and the general sessions judge. This view of the evidence is certainly plausible under the circumstances of this case. There was evidence that the groundswell of support for defendant's candidacy was generated, in large part, out of the desire of the county electorate to rid itself of a sheriff who abandoned the civil service system and who had ostensibly filled his administration with friends and relatives. The defendant's subjective reasons for not retaining plaintiffs--his belief that they were poorly qualified--were supported by his having conducted an investigation into the character and job performance of these employees. Accordingly, under the circumstances of this case, the district court's rejection of plaintiffs' contention that their dismissals were predicated solely upon their political affiliation with Osborne cannot be said to be clearly erroneous.
 
 
 8
 It is also clear that the district court properly found that plaintiff Paul Osborne's discharge was not impermissible under Elrod and Branti. Having failed to apply for employment, pursuant to the demonstrably objective procedure instituted by defendant, plaintiff Osborne cannot now be heard to say that he was dismissed purely for political reasons.
 
 
 9
 Because the district court complied with our instructions on remand, and there is adequate evidence to support a finding that plaintiffs' dismissals were not the sort condemned in Elrod and Branti, the trial court was warranted in concluding that plaintiffs were not discharged solely because of their association with the outgoing sheriff's party.
 
 
 10
 Accordingly, the order of the district court is affirmed.